NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PERNELL SWAHILI EL, | No. 21-55805 |
|       Plaintiff-Appellant, | D.C. No. 3:20-cv-00257-AJB-AGS |
| v. | |
| SAN DIEGO UNIFIED SCHOOL DISTRICT, | MEMORANDUM[*] |
|       Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted May 17, 2022[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Pernell Swahili El appeals pro se from the district court's judgment dismissing his action alleging various federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to comply with a court order. *Pagtalunan v. Galaza*, 291 F.3d

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

639, 640 (9th Cir. 2002).  We affirm.

The district court did not abuse its discretion in dismissing El's action because El failed to file a substantive opposition to defendant's motion to dismiss, despite being ordered to do so.  *See id.* at 642-43 (discussing factors to consider in determining whether to dismiss for failure to comply with a court order).

The district court did not abuse its discretion by denying El's motions to strike.  *See United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 637 (9th Cir. 2012) (standard of review).  One of El's motions to strike failed to comply with local rules, *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."), and the other was based on the incorrect belief that a defendant is required to file an answer prior to the resolution of a motion to dismiss, *see* Fed. R. Civ. P. 12(a)(4) (a responsive pleading is not required until after a motion to dismiss has been denied).

We reject as without merit El's contentions that the district court erred by denying his motion for summary judgment without prejudice as premature, that the district court erred by failing to issue a scheduling order, or that the district judge erred by failing to recuse himself.

**AFFIRMED.**